IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD B. RAPOZO, #A0082582,<br><br>            Petitioner,<br><br>    v.<br><br>WARDEN SHAWN WEAD, *et al.*,<br><br>            Respondents. | CIVIL NO. 23-00188 DKW-RT<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

Before the Court is a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, ECF No. 10, filed by pro se Petitioner Richard Borges Rapozo.  In the Petition, Rapozo makes numerous arguments related to his conviction and sentence in *State v. Rapozo*, Cr. No. 51915 (Haw. 1st Cir. Ct. May 16, 1979).  For the following reasons, the Petition is DISMISSED without prejudice as second or successive pursuant to 28 U.S.C. § 2244.  Any request for a certificate of appealability is DENIED.

## I. **DISCUSSION**

Prior to filing a second or successive petition under 28 U.S.C. § 2254 in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007); *Chades v. Hill*,

976 F.3d 1055, 1056 (9th Cir. 2020).  Unless and until the Ninth Circuit authorizes a district court to consider a second or successive petition for writ of habeas corpus, the court lacks jurisdiction to do so.  *See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court."); *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it.").

Here, Rapozo previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that was dismissed on the merits.  *See* Report and Recommendation, *Rapozo v. State of Hawaii*, Civ. No. 88-0414 DAE (D. Haw. Nov. 18, 1991), *report and recommendation adopted by* Order Adopting Magistrate Judge's Report and Recommendation, Civ. No. 88-0414 DAE (D. Haw. Dec. 16, 1991).  Thus, the instant Petition is second or successive and the Court lacks jurisdiction to consider it without authorization from the Ninth Circuit.[1]  *See*

---

[1] On at least one prior occasion, the Court refused to consider a second or successive habeas petition that Rapozo had filed without obtaining the required authorization from the Ninth Circuit.  *See* Order Transferring Petition, *Rapozo v. Thomas*, Civ. No. 10-00455 DAE-KSC (D. Haw. Oct. 20, 2010), ECF No. 22.  Rapozo has also unsuccessfully attempted to challenge his conviction and sentence in a "Writ of Mandamus," *see* Order Denying Petition for Writ of Mandamus and Dismissing Action Pursuant to 28 U.S.C. § 1915A(b), *Rapozo v. State of Hawaii*, Civ. No. 08-00191 HG-BMK (D. Haw. May 2, 2008), ECF No. 6, and an action under 42 U.S.C. § 1983, *see* Order Dismissing Complaint, Denying *In Forma Pauperis* Application, and Denying Appointment of Counsel, *Rapozo v. Lingle*, Civ. No. 10-00493 JMS/KSC (D. Haw. Aug. 27, 2010), ECF No. 10.

28 U.S.C. § 2244(b)(3)(A); *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar.").

## II. CONCLUSION

(1) This action is DISMISSED without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

(2) Any certificate of appealability is DENIED, because "jurists of reason would" not "find it debatable" that this Court lacks jurisdiction over the Petition without authorization from the Ninth Circuit. *See Petrocelli v. Angelone*, 248 F.3d 877, 883–84 (9th Cir. 2001).

(3) Any pending motions are DENIED as moot.

(4) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 27, 2023.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

*Rapozo v. Wead*; Civil No. 23-00188 DKW-RT; **ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**